Chism *v.* Omlie

No. 41576        November 7, 1960        124 So. 2d 286

*E. C. Black,* Marks, for appellant.

*Robert T. Riser,* Batesville, for appellee.

GILLESPIE, J.

The appellant, Mrs. Chism, and appellee, Mrs. Omlie, entered into a contract to trade properties. Mrs. Chism

agreed to convey to Mrs. Omlie a cafe and hotel and the furnishings therein, located in Lambert, Quitman County; and Mrs. Omlie agreed in return to convey to Mrs. Chism a 428 acre ranch, certain designated farming equipment, and the furniture in the house on the ranch except "personal things." The contract was consummated by appropriate conveyances. The instrument executed by Mrs. Omlie to Mrs. Chism conveying the personal property involved referred to the contract and described certain specific items of farm equipment and tools. It then contained the following paragraph out of which this lawsuit grew:

"The grantor, Mrs. Phoebe F. Omlie, further conveys and sells to the grantee all furniture now in her home, located on the hereinafter described real property, except 'personal things', and the grantor and grantee have agreed as to what these 'personal things' will be." This same paragraph was included in the contract pursuant to which the conveyances were made.

Mrs. Omlie surrendered possession of the ranch and ranch home to Mrs. Chism with the understanding she would later remove the "personal things" left in the home. Thereafter Mrs. Omlie was permitted by Mrs. Chism to remove some clothing and other small items but Mrs. Chism refused to allow Mrs. Omlie to remove certain other items of personal property which Mrs. Omlie claimed she reserved as "personal things."

Mrs. Omlie then filed this suit in chancery averring in her bill that through mutual mistake of the grantor and grantee the conveyance above referred to did not speak the agreement of the parties; that the parties agreed that the "personal things" referred to in the conveyance consisted of a dining room suite, bedroom suite, television, and various other household items which Mrs. Chism refused to allow Mrs. Omlie to remove from the ranch home. Mrs. Omlie prayed for a reformation of her conveyance. She also prayed for a decree declar-

ing said disputed items to be her property and for judgment for the value of any such items that Mrs. Chism might have disposed of.

Mrs. Chism filed a general and special demurrer and an answer. The answer made an issue of fact whether the parties intended that the "personal things" which Mrs. Omlie excepted from her conveyance were the items already voluntarily delivered to Mrs. Omlie by Mrs. Chism, or whether it also included the items sued for, namely, the dining room suite, bedroom suite, television, and various other items listed in the pleadings. The court overruled the demurrers and the case was tried on the merits.

The chancellor was fully justified in finding that while there was no mutual mistake and complainant was not entitled to reformation of her conveyance, the intention of the parties was that the "personal things" excepted by Mrs. Omlie from the conveyance consisted of the dining room suite, bedroom suite, television, and other items sued for by Mrs. Omlie. The court then entered a decree that Mrs. Omlie was the owner of and entitled to the immediate possesssion of the disputed items. The court valued each of said items in accordance with the proof and adjudged that Mrs. Omlie was entitled to judgment for the value of any of the articles not produced by Mrs. Chism. Mrs. Chism appeals.

Appellant contends that the original bill of complaint was multifarious. The original bill in this case was not multifarious when measured by the standards summarized in Section 206, Griffith's Mississippi Chancery Practice. What has already been said of the original bill is sufficient to demonstrate that it was not multifarious.

The chancellor held that the contract was prepared and signed by the parties in accordance with their wishes and intention. Therefore, complainant was not entitled to have it reformed, but it was proper for

the court to proceed to grant the relief to which complainant was entitled as shown by the evidence, even though the remaining issues were purely legal ones. Section 29(a), Griffith's Mississippi Chancery Practice.

■■ Appellee and her witnesses testified as to the oral understanding between herself and appellant. She testified that she pointed out to appellant each item which is now in dispute and which appellee was excepting, and that they agreed thereon; that it would not be necessary to list in the contract the excepted items because both of them understood what was meant by "personal things." Appellant objected to all such testimony. She contends that this testimony was inadmissible under the rule that parol evidence may not be admitted to vary the terms of a written contract. The essence of the parol evidence rule is that the embodiment of an agreement into a single writing makes all other utterances of the parties on that topic legally immaterial for the purpose of determining what are the terms of the contract. Wigmore, 3rd Ed., Section 2425. The solution to the present problem is found in the fact that the written agreement of the parties clearly shows that the parties had a collateral agreement concerning the personal property located in the ranch house, and that such agreement was not embodied in the writing. The writing shows clearly that the parties did not intend that the writing embody that element of their negotiations which concerned the furnishings in the ranch house. ■■ What the parties intended to do and that which they did was to enter into a collateral agreement which rested in parol and which was not integrated into the writing. The parol evidence rule has no application.

Affirmed.

*McGehee, C.J.,* and *Arrington, Ethridge* and *McElroy, JJ.,* concur.